IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 06-201 |
| | ) | |
| TYSHON LAMONT TYSON | ) | |

## ORDER

Defendant Tyshon Lamont Tyson has filed a Motion for Early Termination of Supervised Release in which he requests early termination of his supervised release, and the government has filed a response opposing the motion.

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court is satisfied that such action is warranted by the conduct of the defendant and the interests of justice. 18 U.S.C. § 3583(e)(1). In making this determination the Court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e).

Mr. Tyson argues that early termination of his supervised release is warranted based on the fact that he has successfully served nearly four years of his five-year term of supervised release. He further notes that he is gainfully employed running his own business, and the United States Probation Officer supervising him has no objection to early termination of supervised release. Mr. Tyson also explains that he is making tremendous progress reconnecting with his family, and in particular, mentions that he is seeking primary physical and legal custody of his daughter. Finally, he states that he has taken full responsibility for his actions, and his conduct demonstrates that he has been rehabilitated and reintegrated into society.

The government argues that early termination is not warranted in this case because Mr. Tyson has offered no reason to show that the original term of supervision of 5 years is not appropriate in this case. The government also argues that although Mr. Tyson has set forth facts to show that he is making commendable progress in leading a law-abiding life, his compliance with the terms of his supervision is expected, not exceptional. In addition, the government notes that Mr. Tyson has not alleged any exceptional or extraordinary circumstances to warrant early termination. Finally, the government argues that Mr. Tyson has failed to point to any aspect of supervision that is unduly burdensome.

Our standard for evaluating whether early termination is warranted is broad: we are to determine whether the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. In this case, we also have a Probation Officer who has supervised Mr. Tyson and who does not object to the early termination of supervision. The Officer obviously agrees that Mr. Tyson's term of supervision thus far has been successful. It is also significant that Mr. Tyson has been gainfully employed.

While there is no evidence that asking Mr. Tyson to comply with the conditions of supervision is either too harsh or inappropriately tailored to serve general punishment goals, the government's general objection to early termination in this case does not outweigh the fact that the supervising Probation Officer agrees that early termination in this case is warranted. After reviewing the factors to be considered for early termination of supervised release as set

forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and Mr. Tyson's conduct while on supervision, we find that it is in the interest of justice to terminate his supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this __16th__ day of __April, 2015__, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Early Termination of Supervised Release be and hereby is be and hereby is GRANTED.

Defendant is discharged from supervision as of this date.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

3